Krsto Mijanovic (Bar No. 205060)
 *kmijanovic@hbblaw.com*
Mary Ann Rousso (Bar No. 289426)
 *mrousso@hbblaw.com*
HAIGHT BROWN & BONESTEEL LLP
555 South Flower Street, Forty-Fifth Floor
Los Angeles, California 90071
Telephone: 213.542.8000
Facsimile: 213.542.8100

Attorneys for Defendant, BROAN-NUTONE, LLC

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA, SACRAMENTO DIVISION

| | |
|---|---|
| STATE FARM GENERAL INSURANCE COMPANY, <br><br> Plaintiff, <br><br> v. <br><br> BROAN-NUTONE, LLC; and DOES 1-20, inclusive, <br><br> Defendants. | Case No. <br><br> **NOTICE OF REMOVAL** <br><br> [28 U.S.C. § 1441 – Diversity Jurisdiction] <br><br> **[JURY TRIAL DEMANDED]** |

TO THE HONORABLE COURT, PLAINTIFF AND ITS ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant BROAN-NUTONE, LLC, (hereinafter "BROAN") hereby gives notice of removal of the action entitled, *State Farm Insurance Company v. Broan-Nutone, LLC, a Delaware limited liability company*; *Does 1-20, inclusive* ("State Court Action"), which is currently pending in the Superior Court of California, County of San Joaquin, to this

United States District Court for the Eastern District of California, Sacramento Division, on the basis of diversity of citizenship.

In support of such removal, BROAN states the follows:

1. On March 18, 2024, Plaintiff State Farm General Insurance Company ("Plaintiff") filed a Complaint in the Superior Court of California, San Joaquin County, under Case No. STK-CV-UPI-2024-3386. A true and correct copy of the Summons and Complaint is attached as **Exhibit A** to the Declaration of Mary Ann Rousso ("Rousso Decl.") filed concurrently herewith. [See also ¶ 2, Rousso Decl.]

2. On or about April 11, 2024, Plaintiff's counsel notified Mary Ann Rousso that their records show that service of process was effectuated on March 25, 2024; however, because they did not have the proof of service from the process server, Plaintiff's counsel's assistant was unable to determine whether service of process was effectuated by personal or substituted service. In an abundance of caution, Defendant hereby files its removal documents forthwith. [See also ¶ 3, Rousso Decl.].

3. Defendant BROAN filed its Answer to Plaintiff's Complaint on April 16, 2024 in the State Court Action. A true and correct conformed copy of Defendant BROAN's Answer is attached as **Exhibit B** to the Rousso Decl. filed concurrently herewith. [See also ¶ 4, Rousso Decl.]. A Notice of Filing of Answer in State Court Action is filed concurrently herewith. [See ¶ 4, Rousso Decl.].

4. There are no other pleadings on file in the State Court Action at the time of this Removal. [See ¶ 4, Rousso Decl. filed concurrently herewith.]

5. Pursuant to 28 U.S.C. § 1332, this Court has original jurisdiction over the Complaint. Specifically, "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000 exclusive of interests and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a).

6. In the present matter, complete diversity exists because Plaintiff and the only named defendant, BROAN, are citizens of different states. [See ¶¶ 5 and 6, and **Exhibit C**, Rousso Decl..]

7.   According to Plaintiff's Complaint, Plaintiff is an Illinois corporation, qualified to do business in the State of California. Further, upon information and belief, Defendant alleges that at the time the State Court Action was filed and the present Notice of Removal is filed, Plaintiff maintains its principal place of business at One State Farm Plaza, Bloomington, IL 61710. [See ¶ 6 and **Exhibit C**, Rousso Decl.].

8.   With respect to the citizenship of BROAN, BROAN is a Delaware limited liability company, with its sole member being Nortek, Inc., a Delaware Corporation with its principal place of business in Hartford, Wisconsin. Nortek, Inc. is a holding company affiliated with the Nortek family of companies that operate from Missouri. [See *Johnson v. Columbia Properties Anchorage, LP,* 437 F.3d 894, 899 (9th Cir. 2006) (holding that a limited liability company is a citizen of every state of which its owners/members are citizens). In the Ninth Circuit, a corporation's principal place of business is where its "nerve center" is located. [See *Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010) (defining a corporation's principal place of business as the corporation's "nerve center"—the place "where the corporation's officers direct, control and coordinate the corporation's activities."). Nortek is headquartered in Missouri. Missouri is also home to Nortek's finance, payroll, and human resources operations, which are directed from its offices located at 1000 Phoenix Pkwy, O'Fallon, Missouri. Thus, for jurisdictional purposes, BROAN is a citizen of Delaware and Missouri.[1]   [See Rousso Decl., ¶ 5].

9.   Plaintiff's Complaint names as Defendants Does 1-20. BROAN is informed and believes, and on that basis alleges, that none of these fictitious named defendants have been served with a copy of the Complaint or Summons. [See Rousso Decl., ¶ 7]. Thus, these fictitiously named defendants are not parties to this action. For purposes of removal, "the citizenship of defendants sued under fictitious names shall be disregarded." 28 U.S.C. § 1441(b)(1).

---

[1] Broan-NuTone LLC is organized as a Delaware limited liability company with its offices in Wisconsin. See Rousso Decl., ¶ 5.

10. The amount in controversy in this matter exceeds the statutory threshold of $75,000, exclusive of interest and costs. [See Rousso Decl., ¶ 8]. The amount in controversy for jurisdictional purposes is determined by the amount of damages or the value of the property that is the subject of the action. *Hunt v. Washington State Apple Advertising Comm'n*, 432 U.S. 333, 347-48 (1977); *Meisel v. Allstate Indem. Co.*, 357 F. Supp. 2d 1222, 1225 (E.D. Cal. 2005). Here, Plaintiff has alleged that the amount in dispute exceeds the statutory threshold of $75,000 insofar as Plaintiff alleges that "… Plaintiff sustained at least $278,282.85 in damages, and the damages amount is continuing and will further be pled at the time of trial." [See ¶ 18 at pg. 4, lines 22 through 24, inclusive, **Exhibit A**, Complaint.] Plaintiff further alleges that "[t]hus, Plaintiff's damage claim to date is at least $278,282.85, an increasing daily." [See ¶ 18 at pg. 5, lines 13 through 14, **Exhibit A,** Complaint.]

11. Therefore, because there is complete diversity between Plaintiff and BROAN, and the amount in controversy exceeds the jurisdictional threshold required pursuant to § 1332, diversity jurisdiction exists in this action.

12. This is a case of a wholly civil nature brought in California State Court. Pursuant to 28 U.S.C. § 1441(a), this civil action may be removed by BROAN to this Court. Plaintiff filed the State Court Action in the Superior Court of California, San Joaquin County, and therefore, the United States District Court for the Eastern District of California, Sacramento Division, is the appropriate venue for removal of the State Court Action as it is the "district and division embracing the place where such action is pending." [See 28 U.S.C. §§ 1441(a), 1391(a).]

13. Based on the foregoing, this Court has original jurisdiction over the Complaint, and removal to this Court from the Superior Court of California, San Joaquin County, is proper pursuant to 28 U.S.C. §§ 1332 and 1441, respectively.

14. Pursuant to 28 U.S.C. § 1446(b), this Notice of Removal is timely filed within thirty (30) days after receiving a paper from which it can be ascertained that the case is removable.

1  15. Pursuant to 28 U.S.C. § 1446(d), BROAN will promptly provide written notice of removal of this action to Plaintiff, and will promptly file a copy of this Notice of Removal with the Clerk of the Superior Court of California, San Joaquin County.

16. All Defendants who, upon information and belief, have been served and whose citizenship is properly considered have filed this Notice of Removal. [See Rousso Decl., ¶ 9.]

WHEREFORE, Defendant, BROAN-NUTONE, LLC, respectfully requests that this Court assume jurisdiction over this action in accordance with 28 U.S.C. §§ 1332, 1441, and 1446.

DATED: April 22, 2024      HAIGHT BROWN & BONESTEEL LLP

By: _____
Krsto Mijanovic
Mary Ann Rousso
Attorneys for Defendant BROAN-NUTONE, LLC

**PROOF OF SERVICE**

State Farm General Insurance Company vs. Broan-Nutone LLC

Case No. STK-CV-UPNI-2024-3386

**STATE OF CALIFORNIA, COUNTY OF SACRAMENTO**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Sacramento, State of California. My business address is 500 Capitol Mall, Suite 2150, Sacramento, CA 95814.

On April 22, 2024, I served true copies of the following document(s) described as **NOTICE OF REMOVAL** on the interested parties in this action as follows:

| | |
|---|---|
| Juan Salas, Esq.<br>WATKINS & LETOFSKY, LLP<br>2900 S Harbor Blvd., Ste 240<br>Santa Ana, CA  92704 | **Attorneys for Plaintiff**<br>**State Farm General Insurance Company** |

Tel: (949) 476-9400
Email: isalas@wl-LLP.com

**BY E-MAIL OR ELECTRONIC TRANSMISSION:** I caused a copy of the document(s) to be sent from e-mail address lcarmichael@hbblaw.com to the persons at the e-mail addresses listed in the Service List. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

**BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on April 22, 2024, at Sacramento, California.

_____
Lori Carmichael